SAM HIRSCH  
Acting Assistant Attorney General  
U.S. Department of Justice  
Environment & Natural Resources Division  

SETH M. BARSKY, Chief  
S. JAY GOVINDAN, Assistant Chief  
ETHAN CARSON EDDY, Trial Attorney (Cal. Bar 237214)  
Wildlife and Marine Resources Section  
P.O. Box 7611, Ben Franklin Station  
Washington, D.C. 20044  
(202) 305-0202 (phone)  
(202) 305-0275 (fax)  
ethan.eddy@usdoj.gov  

JOHN THOMAS H. DO, Trial Attorney  
Environmental Defense Section  
P.O. Box 7611, Ben Franklin Station  
Washington, D.C. 20044  
(202) 514-2593 (Phone); (202) 514-8865 (Fax)  
john.do@usdoj.gov  

*Attorneys for Defendants*

THE HONORABLE JEFFREY S. WHITE

UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION and ECOLOGICAL RIGHTS FOUNDATION,<br><br>　　　　Plaintiffs,<br>　v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br>　　　　Defendants. | Case No. 3:13-cv-2857-JSW<br><br>**STIPULATION TO VACATE HEARING AND REQUEST TO ENTER CONSENT DECREE; [PROPOSED] ORDER** |

Pursuant to Civil Local Rule 7-12, Plaintiffs Our Children's Earth Foundation and Ecological Rights Foundation (collectively, "Plaintiffs") and Defendants U.S. Environmental Protection Agency, Gina McCarthy, Administrator, and Jared Blumenfeld, Regional Administrator of Region 9 (collectively, "EPA") hereby stipulate to vacate the scheduled motion hearing on the United States' partial motion to dismiss and request that Court enter the attached Consent Decree. For the reasons stated below, the Consent Decree is fair, reasonable, and consistent with the goals and requirements of the Clean Water Act ("CWA"), 33 U.S.C. §1251 et seq.

**Procedural Background**

On June 20, 2013, Plaintiffs filed a complaint pursuant to Section 505(a)(2) of the CWA, 33 U.S.C. § 1365(a)(2); Section 11(g) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g)(1)(A); and Section 706(1) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), against the U.S. Environmental Protection Agency ("EPA"), the U.S. Fish and Wildlife Service and the National Marine Fisheries Service (together "the Services"), and certain federal officials of all three agencies.

The Complaint included six claims alleging that: [1] EPA failed to perform a non-discretionary duty to promulgate certain water quality criteria for selenium and mercury for the State of California as required by CWA Section 303(c)(4), 33 U.S.C. § 1313(c)(4); [2] EPA violated ESA Section 9, 16 U.S.C. § 1538(a)(1)(B), by failing to adopt certain CWA Section 303(c) criteria for selenium, mercury, pentachlorophenol, cadmium and dissolved metals as envisioned in a biological opinion issued by the Services on March 24, 2000; [3] EPA violated ESA Sections 7(a)(1) and 7(a)(2), 16 U.S.C. § 1536(a)(1) and (2), by failing to carry out certain

conservation programs and reasonable and prudent measures contained in an ESA biological opinion; [4] EPA violated ESA Section 7(a)(2), 16 U.S.C. § 1536(a)(2), by failing to reinitiate ESA consultation; [5] the Services violated ESA Section 7(a)(2), 16 U.S.C. § 1536(a)(2), by failing to reinitiate ESA consultation; and [6] EPA violated the APA, 5 U.S.C. § 706(1), by unreasonably delaying the promulgation of certain selenium and mercury water quality criteria.

On October 1, 2013, the United States moved to dismiss the First, Second, Fifth, and Sixth Claims for failure to state a claim and/or lack of subject matter jurisdiction. To facilitate settlement discussions, including court-mandated mediation, the motion to dismiss is currently stayed. At present, the motion to dismiss is fully briefed and scheduled for hearing on September 5, 2014.

The Fifth Claim against the Services was voluntarily dismissed by Plaintiffs on May 1, 2014, and Plaintiffs and EPA (the "Parties") have now negotiated a proposed Consent Decree to resolve the remaining claims.

**Statutory Background**

As part of the CWA's framework of cooperative federalism, States promulgate water quality standards ("WQS"), which consist of "the designated uses of the navigable waters involved and the water quality criteria for such waters based upon such uses." 33 U.S.C. § 1313(c)(2)(A). Criteria are "elements of State water quality standards, expressed as constituent concentrations, levels, or narrative statements, representing a quality of water that supports a particular use." 40 C.F.R. § 131.3(b).

Whenever a State adopts a new or revised WQS, it must submit the standard to EPA, pursuant to CWA section 303(c)(2), for review and approval or disapproval. 33 U.S.C. §

1313(c)(2) and (c)(3). Once approved, the State's standard becomes the applicable standard for purposes of the CWA. 40 C.F.R. § 131.21. EPA has separate, discretionary authority to set new or revised standards for a State *sua sponte*, independent of a State's section 303(c)(2) submission. In order for EPA to exercise that authority, the EPA Administrator must first determine that a new or revised standard is necessary to meet the CWA's requirements. 33 U.S.C. § 1313(c)(4)(B); 40 C.F.R. §§ 131.22(b), 131.5(b). Upon such determination, EPA is to promptly propose standards and then promulgate final standards within 90 days of publication of a proposed standard. 33 U.S.C. § 1313(c)(4).

Section 7 of the ESA directs each federal agency to ensure, in consultation with the Services, that "any action authorized, funded, or carried out by such agency . . . is not likely to jeopardize the continued existence of" any listed species or destroy or adversely modify designated critical habitat. 16 U.S.C. § 1536(a)(2). If the agency proposing the relevant action ("action agency") determines that the action "may affect" ESA-listed species or critical habitat, the action agency must pursue either informal or formal consultation with the consulting agency. 50 C.F.R. §§ 402.13-402.14.

**The Proposed Consent Decree**

The proposed Consent Decree would establish conditional requirements for EPA to propose certain selenium criteria for waters outside of the San Francisco Bay Delta[1] by November 30, 2016 and certain mercury criteria for waters not covered by prior site-specific criteria by June 30, 2017. Consent Decree ¶¶ 14 and 20. Under the Consent Decree, if EPA

---

[1] The San Francisco "Bay Delta" is defined in Paragraph 6 of the Consent Decree by reference to certain water bodies defined under the 1992 National Toxics Rule. 57 Fed. Reg. 60848, 60921, codified at 40 C.F.R. § 131.36(b)(1)(ii).

STIPULATION TO VACATE HEARING     3     Case No. 3:13-cv-2857-JSW
AND REQUEST TO ENTER CONSENT DECREE;
[PROPOSED] ORDER

proposes selenium criteria for the San Francisco Bay Delta, EPA's deadline to propose selenium criteria for the rest of California would be extended to November 30, 2018. Consent Decree ¶¶ 15. With respect to the proposed selenium criteria for waters outside of the San Francisco Bay Delta and the proposed mercury criteria, the Consent Decree provides that EPA will request initiation of any necessary ESA consultation within nine months of proposing criteria and that EPA must promulgate final criteria within six months after the completion of any ESA consultation. Consent Decree ¶¶ 16, 17, 21, and 22. In the event that EPA approves selenium or mercury criteria submitted by the State of California for any water body, EPA's obligation to propose or finalize criteria for those areas would be null and void. The Consent Decree does not affect any person's opportunity to participate in the development of water quality criteria for California waters or to challenge the substantive adequacy of any criteria promulgated by EPA.

With the Fifth Claim having been voluntarily dismissed, the Second, Third, Fourth and Sixth Claims in the Complaint would be dismissed upon entry of the Consent Decree. Consent Decree ¶ 28. Resolving all of Plaintiffs' claims in this matter, the First Claim will be dismissed upon EPA meeting its obligations under the Consent Decree and termination of the Consent Decree. Consent Decree ¶ 28. The Court would retain jurisdiction for the purposes of resolving any disputes arising under the Consent Decree including the awarding of reasonable attorney fees and costs. Consent Decree ¶¶ 24 and 36.

**The Settlement is Fair and Reasonable**

Approval of a proposed settlement is committed to the informed discretion of the district court. *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990). Further, "public policy generally supports "a presumption in favor of voluntary settlement" of litigation. *United States*

*v. Akzo Coatings of Am., In*c., 949 F.2d 1409, 1436 (6th Cir. 1991). The Court should enter a proposed consent judgment if it is fair, reasonable, and equitable, and does not violate the law or public policy. *Sierra Club v. Elec. Controls Design*, 909 F.2d 1350, 1355 (9th Cir. 1990). Where the United States is a party to the consent decree, a court "should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment." *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). The relevant standard is "not whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute." *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990). And, in no event may the Court rewrite or modify the parties' proposed settlement. *See Officers for Justice v. Civil Serv. Comm'n of City and County of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982).

Under these governing legal standards, the Parties respectfully submit that the settlement is fair, reasonable, in the public interest, and faithful to the CWA's objectives. The Parties engaged in arm's-length negotiations through counsel for months, and reached a mutually acceptable compromise. *See Oregon*, 913 F.2d at 581 (decrees resulting from good faith, arm's-length negotiations are "presumptively valid"). The proposed settlement avoids further costly litigation while meeting the objectives of the Clean Water Act to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Specifically, the public benefits from EPA's scheduled commitments to promulgate certain water quality criteria that protect designated uses of California waters and reflect the most recent scientific data. Further, the Consent Decree allows time for ESA consultation between EPA and the Services to ensure that the actions proposed pursuant to the Consent Decree do not

unlawfully jeopardize ESA-listed species or designated critical habitats.  Finally, the Consent Decree allows time for California to submit its own water quality criteria in lieu of EPA-imposed criteria and in no way restricts the public's participation in the development of water quality criteria.

## CONCLUSION

WHEREFORE, the settlement is fair, reasonable, equitable, in the public interest, and consistent with the purposes of the Clean Water Act, the Parties stipulate that the motion hearing for the United States' motion to dismiss be vacated and request that the Court sign and date the signature page of the Consent Decree (Attachment A) and enter it as an order of the Court.

Respectfully submitted this 22nd day of August, 2014.

>SAM HIRSCH
>Acting Assistant Attorney General
>U.S. Department of Justice
>Environment & Natural Resources Division
>
>SETH M. BARSKY, Chief
>S. JAY GOVINDAN, Assistant Chief
>ETHAN CARSON EDDY, Trial Attorney
>Wildlife and Marine Resources Section
>P.O. Box 7611, Ben Franklin Station
>Washington, D.C.  20044
>(202) 305-0202 (Phone); (202) 305-0275 (Fax)
>ethan.eddy@usdoj.gov
>
>   s/ John Thomas H. Do
>JOHN THOMAS H. DO, Trial Attorney
>Environmental Defense Section
>P.O. Box 7611, Ben Franklin Station
>Washington, D.C.  20044
>(202) 514-2593 (Phone); (202) 514-8865 (Fax)
>john.do@usdoj.gov

STIPULATION TO VACATE HEARING                      6                     Case No. 3:13-cv-2857-JSW
AND REQUEST TO ENTER CONSENT DECREE;
[PROPOSED] ORDER

*Attorneys for Defendants*

   s/ Christopher A. Sproul (as authorized)
CHRISTOPHER A. SPROUL
JODENE ISAACS
Environmental Advocates
5135 Anza Street
San Francisco, California 94121
Telephone: (415) 533-3376
Facsimile: (415) 358-5695
Email: csproul@enviroadvocates.com

*Attorneys for Plaintiffs*

## E-FILING ATTESTATION

Pursuant to Civil Local Rule 5.1(i)(3), I attest that counsel for Plaintiffs has concurred in the filing of this document.

   s/ John Thomas H. Do
JOHN THOMAS H. DO
Counsel for Defendants

# [PROPOSED] ORDER

Before the Court is the Parties' **STIPULATION TO VACATE HEARING AND REQUEST TO ENTER CONSENT DECREE**. Upon due consideration, and for good cause shown, the Consent Decree has been **ENTERED** as of this date. Further, the hearing on the **UNITED STATES' MOTION TO DIMISS** scheduled for September 5, 2014 is hereby **VACATED**.

**PURSUANT TO STIPULATION**, **IT IS SO ORDERED**.

Dated: August 25, 2014

*Jeffrey S. White*
HON. JEFFREY S. WHITE
United States District Judge

STIPULATION TO VACATE HEARING AND REQUEST TO ENTER CONSENT DECREE; [PROPOSED] ORDER      8      Case No. 3:13-cv-2857-JSW