UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Defendants. | Case No. 13-cv-02857-JSW   (KAW)<br><br>**ORDER STRIKING REPLY DECLARATION OF CHRISTOPHER SPROUL; ORDER CONTINUING HEARING TO SEPTEMBER 3, 2015**<br><br>Re: Dkt. Nos. 59 & 69-1 |

On February 26, 2015, Plaintiffs filed a motion for attorneys' fees and costs. (Dkt. No. 59.) Thereafter, the motion was referred to the undersigned for report and recommendation.

Plaintiffs' motion, however, does not comply with Civil Local Rule 54-5(b), as it did not include a statement of services rendered by each person nor a description of qualifications and experience to support the hourly rates sought. *See* Civil L.R. 54-5(b)(2),(3).  Plaintiffs attempted to rectify this oversight in filing their reply, but did not succeed in providing billing records and supporting information in a format usable by the Court.

Additionally, the Reply Declaration of Christopher Sproul is argumentative in nature, as it repeatedly rebuts Defendants' opposition, rather than being factual in nature.  In fact, it appears to be an extension of Plaintiffs' reply in an attempt to circumvent the page limit, which is inappropriate.  Accordingly, the declaration is stricken, and Mr. Sproul may submit an amended declaration in support of the reply, with usable exhibits attached, on or before **June 15, 2015**. Failure to timely submit an amended declaration will result in the Court recommending that any hours billed by Mr. Sproul not be awarded.

In light of the large number of hours billed, Mr. Sproul's declaration should include a single billing statement that represents all work performed by all timekeepers, in chronological

order, so that the Court may easily determine whether the number of hours billed was reasonable. Mr. Sproul's declaration shall also include charts summarizing the amount of time spent by him and each of his colleagues, separated by timekeeper and billing rate, such that if one timekeeper's hourly rate increased, the new rate and amount of time spent would be on a different line. Separate summaries should be provided for pre-filing work, work performed after the filing of the complaint, work performed after the Consent Decree, and work performed in connection with this motion. The Court notes that if, as Defendants claim, Plaintiffs are seeking to recover upwards of 300 hours in connection with the motion for attorneys' fees, that amount of time is likely excessive. Nonetheless, the Court trusts that Mr. Sproul will adjust the amount of fees sought in connection with both the original motion and the reply brief in light of his failure to comply with the Civil Local Rules, which is no fault of Defendants, and will not seek fees for the time spent on his amended declaration.

Since Defendants did not have the benefit of opposing a motion that complied with Civil Local Rule 54-5, they are permitted to file a surreply, not to exceed 10 pages, on or before **July 6, 2015**. No additional filings will be permitted unless otherwise ordered by the Court.

The parties are invited to further meet and confer in an attempt to resolve the pending motion without additional court intervention.

Thus, the hearing scheduled for May 28, 2015 is continued to September 3, 2015.

IT IS SO ORDERED.

Dated: May 20, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge