UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUR CHILDREN'S EARTH FOUNDATION, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>      Defendants. | Case No. 13-cv-02857-JSW (KAW)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 71 |

On June 5, 2015, Plaintiffs filed a motion seeking leave to file a motion for reconsideration and/or clarification of the Court's May 20, 2015 order striking the reply declaration of Christopher Sproul. (Pl.'s Mot., Dkt. No. 71.) Specifically, Plaintiffs seek reconsideration or clarification regarding three aspects of the Court's order:

1. The Plaintiffs did not comply with Local Rule 54-5(b)(2) and (3) because Plaintiffs' February 26, 2015 Motion for Attorneys' Fees and Costs (Dkt. 59) "did not include a statement of services rendered by each person nor a description of qualifications and experience to support the hourly rate sought" as required by Civil Local Rule 54(b)(2) and (3). Plaintiffs sought "to rectify this oversight in filing their reply."

2. Since Defendants did not have the benefit of opposing the motion that complied with Civil Local Rule 54-5 they are permitted to file as surreply, not to exceed 10 pages.

3. The Reply Declaration of Christopher Sproul ("Sproul Reply Declaration") is argumentative in nature and thus is stricken in its entirety.

(Dkt. No. 71 at 1-2.)

Upon review of Plaintiffs' motion, and for the reasons set forth below, Plaintiffs' motion is DENIED.

///

## I. DISCUSSION

The Court will individually address each request below.

### A. Compliance with Civil Local Rule 54-5(b)

Civil Local Rule 54-5(b) requires that motions for attorneys' fees include a statement of services rendered by each person, as well as a description of qualifications and experience to support the hourly rates sought. *See* Civil L.R. 54-5(b)(2),(3). While Plaintiffs' initial motion provided a substantial amount of information, in light of the considerable amount of attorneys' fees sought, it did not provide information sufficient to meet these requirements. Accordingly, Plaintiffs' request for leave to file a motion for reconsideration is denied.

### B. Sua sponte granting of a surreply

The Court granted Defendants a surreply to respond to new information provided in Plaintiffs' reply. The Court has the discretion to provide an opportunity for further briefing without a formal request, and did so because it was in the interests of justice. Accordingly, Plaintiffs' request for leave to file a motion for reconsideration is denied.

### C. Striking of Reply Declaration of Christopher Spoul

Plaintiffs filed the Reply Declaration of Christopher Sproul (Dkt. No. 69-1), which the Court stuck as argumentative. Plaintiffs filed an amended reply declaration in compliance with the Court's Order, so any request for reconsideration or clarification is denied as moot.

## II. CONCLUSION

In light of the foregoing, Plaintiffs' motion for leave to file a motion for reconsideration and/or clarification of the Court's May 20, 2015 order is DENIED.

IT IS SO ORDERED.

Dated: August 3, 2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge